UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:22-CR-035-REW-HAI-2 |
| ) | |
| v. ) | |
| ) | ORDER |
| JAMES O. PORTER, JR., ) | |
| a/k/a Red, | |
| | |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 41 (Minute Entry). Judge Ingram recommended that the undersigned accept Defendant James O. Porter Jr.'s guilty plea and adjudge him guilty of Count Two of the Indictment (DE 8). *See* DE 42 (Report and Recommendation). Judge Ingram expressly informed Porter Jr. of the right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 2-3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 42, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of County Two of the Indictment;

2. The Court **CANCELS** the trial as to this Defendant; and

3. The Court will issue a separate sentencing order.[1]

This the 11th day of October, 2022.

Signed By:
*Robert E. Wier*   /s/ REW
United States District Judge

---

[1] Judge Ingram detained Porter Jr. post-plea; this was his status entering the hearing. *See* DE 14; 42. Absent an intervening order, Porter Jr. shall remain detained pending sentencing.